KENT M. WALKER (SBN 173700)
kent@kentmwalker.com
**LAW OFFICE OF KENT M. WALKER, P.C.**
402 W. Broadway, Suite 400
San Diego, California 92101
Tel (619) 446-5603
Fax (619) 923-2959

DAVID M. KOHN (SBN 246756)
MICHAEL T. LANE (SBN 248624)
mlane@lewiskohn.com
**LEWIS KOHN & FITZWILLIAM, L.L.P.**
10935 Vista Sorrento Parkway, Suite 370
San Diego, California 92130
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
MARKETQUEST GROUP, INC. d/b/a ALL-IN-ONE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETQUEST GROUP, INC., a California corporation d/b/a All-In-One,<br><br>Plaintiff,<br><br>vs.<br><br>BIC CORPORATION, a Connecticut corporation; BIC USA INC., a Delaware corporation; NORWOOD PROMOTIONAL PRODUCTS, LLC, a Delaware limited liability company d/b/a Norwood Promotional Products; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  11CV0618 JLS WMc<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT (15 USC 1114); VIOLATION OF 15 USC 1125(a); AND UNFAIR COMPETITION UNDER CALIFORNIA LAW (Ca BPC 17200 et seq)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARKETQUEST GROUP, INC. d/b/a All-In-One, appearing through undersigned counsel,

states as follows:

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION         1

**PARTIES**

1.    Plaintiff MARKETQUEST GROUP, INC., a California corporation d/b/a All-In-One (hereinafter, "All-In-One"), is duly organized and existing under the laws of the State of California, with its principal place of business at 9600 Kearny Villa Road, San Diego, California.

2.    Plaintiff is informed and believes and based thereon alleges that Defendants BIC CORPORATION and BIC USA INC. (collectively hereinafter, "Bic" or "Defendant(s)") are corporations existing under the laws of the State of Connecticut and Delaware respectively, with their principal places of business at 500 BIC Drive, Milford, CT. On information and belief, Bic is engaged in the production, advertising and sale of writing instruments, such as pens, and other office products and related services.

3.    Plaintiff is informed and believes and based thereon alleges that Defendant NORWOOD PROMOTIONAL PRODUCTS, LLC (hereinafter, "Norwood" or "Defendant(s)") is a Delaware limited liability company d/b/a Norwood Promotional Products and wholly owned subsidiary of BIC USA, INC. with its principal place of business in Florida at 14421 Myerlake Circle, Clearwater, FL 33760-2840.

4.    Plaintiff is presently uninformed of the true names or capacities of the defendants sued herein under the fictitious names DOES 1-50, inclusive (collectively hereinafter, "Defendants"). Plaintiff is informed and believes, and thereupon alleges, that these Defendants fictitiously named as Doe engaged in, or are in some manner responsible for, the wrongful conduct and damages to Plaintiff alleged herein. Plaintiff therefore sues these Doe Defendants by such fictitious names and will amend or seek leave to amend this pleading to substitute the true names and capacities of said Doe Defendants when they are ascertained.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

5.    This is an action for trademark infringement and violation of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), and unfair competition under the statutory law of California.

6.    This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claim.

1      7.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of

2    interest and costs, and is between citizens of different states and/or countries.  Accordingly, this Court also

3    has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2) and (a)(3).

4      8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) because,

5    among other reasons, Defendants are subject to personal jurisdiction in this judicial district, Defendant do

6    business in this judicial district and Defendants have committed acts of infringement in this judicial district.

7                            **ALL-IN-ONE AND ITS MARKS**

8      9.  All-In-One is engaged in the production, advertising and sale of promotional products, including

9    writing instruments, such as pens, and various other writing instruments and related office products and

10    services.

11      10.     All-In-One commenced use of the ALL-IN-ONE mark in connection with its products and

12    services at least as early as January of 1999. Since that time, this mark has been continually used in

13    commerce by All-In-One.

14      11.     All-In-One commenced use of THE WRITE CHOICE mark in connection with its products

15    and services at least as early as January of 2000. Since that time, this mark has been continually used in

16    commerce by All-In-One.

17      12.     The ALL-IN-ONE and THE WRITE CHOICE marks, including without limitation, those

18    registered with the United States Patent and Trademark Office ("USPTO")  as identified herein, are

19    collectively referred to herein as Plaintiff's Marks (or the "Marks"). The Marks are owned exclusively by

20    All-In-One.

21      13.     On September 30, 1999, All-In-One filed a use in commerce application with the USPTO

22    for registration of the mark ALL-IN-ONE in International Classes 09, 16 and 20, in connection with its

23    sale of products including "writing instruments, namely pens, pencils, markers, highlighting markers."

24    The application was granted Registration No. 2,422,967 on January 23, 2001. A copy of this registration

25    is attached hereto as Exhibit "A" and is incorporated herein by this reference. This registration is valid

26    and subsisting.

27      14.     On September 13, 1999, All-In-One filed a use in commerce application with the USPTO for

28    registration of the mark ALL-IN-ONE LINE in International Classes 09, 16 and 20, in connection with its

1  sale of products including "writing instruments, namely, pens, pencils, markers."  The application was

2  granted Registration No. 2,426,417 on February 6, 2001. A copy of this registration is attached hereto as

3  **Exhibit "B**" and is incorporated herein by this reference. This registration is valid and subsisting.

4          15.      On March 24, 2005, All-In-One filed a use in commerce application with the USPTO for

5  registration of the mark ALL-IN-ONE stylized design in International Classes 09, 16, 20 and 35, in

6  connection with its sale of products and services including "writing instruments, namely pens, pencils,

7  markers, highlighting markers" and "dissemination of advertising matter."   The application was granted

8  Registration No. 3,153,089 on October 10, 2006. A copy of this registration is attached hereto as **Exhibit**

9  **"C"** and is incorporated herein by this reference. This registration is valid and subsisting.

10          16.      On March 29, 2005, All-In-One filed a use in commerce application with the USPTO for

11  registration of the mark THE WRITE CHOICE in International Classes 9, 16, and 20 in connection with its

12  sale of products including "writing instruments, namely pens, pencils, markers, highlighting markers." The

13  application was granted Registration No. 3,164,707 on October 31, 2006. A copy of this registration is

14  attached hereto as **Exhibit "D"** and is incorporated herein by this reference. This registration is valid and

15  subsisting

16          17.      On May 5, 2009, All-In-One filed a use in commerce application with the USPTO for

17  registration of the mark ALL-IN-ONE stylized design in International Class 40 in connection with its sale of

18  services including "Customized imprinting of equipment, merchandise and accessories for business

19  promotion."  The application was granted Registration No. 3,718,333 on December 1, 2009. A copy of this

20  registration is attached hereto as **Exhibit "E"** and is incorporated herein by this reference. This registration

21  is valid and subsisting.

22          18.      Plaintiff's Marks are inherently distinctive.  Each of the Marks serves to identify and indicate

23  the source of All-In-One's goods and services to the consuming public, and to distinguish its goods and

24  services from those of others, including those advertised and sold by Defendants.  Over the years, All-In-One

25  has prominently used and promoted the Marks in advertising, promotion, and various other ways.  All-In-

26  One's sales and advertising expenditures under the Marks have been extensive.  All-In-One has invested

27  considerable effort and resources in advertising and promoting its promotional products business using the

28

1    Marks.  All-In-One advertises on the internet, in catalogs and other publications, at trade shows and other

2    venues and media.

3           19.       As a result of All-In-One's long usage and extensive promotion of the Marks, the Marks are

4    distinctive to designate All-In-One, and they distinguish All-In-One and its goods and services from others,

5    including those advertised and sold by Defendants.  The Marks are well-known and widely recognized to

6    consumers, and All-In-One has developed exclusive and valuable goodwill and strong federal and common

7    law rights in the Marks as a result of the usage and promotion of the Marks.

8           20.       Pursuant to the Lanham Act, All-In-One's registrations identified above constitute prima

9    facie evidence of: (a) validity of the ALL-IN-ONE and THE WRITE CHOICE marks and of the registration

10   of those marks; (b) All-In-One's ownership of the ALL-IN-ONE and THE WRITE CHOICE marks; and (c)

11   All-In-One's exclusive right to use the ALL-IN-ONE and THE WRITE CHOICE marks on or in connection

12   with the goods and services stated in the registrations.  15 U.S.C. §§ 1057(b) and 1115(a).  In addition, All-

13   In-One's registrations constitute constructive notice of All-In-One's claim of ownership of the ALL-IN-ONE

14   and THE WRITE CHOICE marks.  See 15 U.S.C. § 1072.  Indeed, the registrations identified in **Exhibits**

15   **"A", "B", and "D"** have become incontestable pursuant to 15 U.S.C. § 1065.  That the ALL-IN-ONE and

16   THE WRITE CHOICE marks have become incontestable is conclusive evidence of their validity and their

17   respective registrations, and of All-In-One's exclusive right to use them in commerce.  See 15 U.S.C. §

18   1115(b).

19                                       **DEFENDANTS' ACTIVITIES**

20          21.       Years after All-In-One began using and/or registered the Marks, Defendants started

21   advertising and selling products, including pens, inks, ink delivery systems, writing instruments and other

22   related products and services, with trademarks confusingly similar to the Marks.

23          22.       In or around June 2009, Defendants, including particularly Bic, acquired substantially all of

24   the assets of Norwood via bid at a bankruptcy auction.

25          23.       In or around at least October 2010, Defendants began using the phrase "The Write Pen

26   Choice" in commerce in connection with their advertising and sale of writing instruments, including pens.

27   Defendants used this phrase in promotional advertising of pens on social network internet sites, specifically

28   Facebook®, Twitter®, and YouTube®.  Evidence of Defendant's usage of the phrase "The Write Pen

1 Choice" in connection with promotional advertising on social networks on the internet is attached to the

2 Complaint as **Exhibit "F"** and is incorporated herein by this reference.

3      24.     In or around at least late 2010, Defendants began advertising their promotional products

4 including pens in their "All in ONE" Catalogs for 2011. Evidence of Defendant's usage of the phrase "All

5 in ONE" in their catalogs is attached to the Complaint as **Exhibit "G"** and is incorporated herein by this

6 reference.

7      25.     The "The Write Pen Choice" and the "All in ONE" marks are collectively referred to herein

8 as the "Infringing Marks."

9      26.     Defendants' use of the same or substantially similar marks as Plaintiff's Marks to advertise

10 and sell the same or substantially similar products produced by Plaintiff in the same or substantially similar

11 channels and locations of commerce is without the permission, license or authority of All-In-One, and such

12 use violates Plaintiff's federal and common law rights in the Marks.

13      27.     Defendants began their infringement of the Marks with full knowledge of All-In-One's prior

14 registration and/or use of the Marks. Plaintiff is informed and believes and based thereon alleges that

15 Defendants undertook these actions with the intent of confusing consumers, so that they could trade on and

16 receive the benefit of the goodwill built up by All-In-One at great labor and expense over many years.

17     **EFFECT OF DEFENDANTS' ACTIVITIES ON CONSUMERS AND/OR ALL-IN-ONE**

18      28.     Defendants' use of the Infringing Marks in the manner described above is likely to confuse

19 and has actually confused customers and potential customers of the parties as to whether some affiliation,

20 connection or association exists between Defendants and All-In-One, or as to the origin, sponsorship, or

21 approval of the parties' goods and/or services.

22      29.     Defendants' use of the Infringing Marks in the manner described above falsely indicates to

23 the purchasing public that the goods and/or services of Defendants originate with All-In-One, or are

24 affiliated, connected or associated with All-In-One, or are sponsored, endorsed, or approved by All-In-One,

25 or are in some manner related to All-In-One.

26      30.     Defendants' use of the Infringing Marks in the manner described above falsely designates the

27 origin of the goods and/or services of Defendants, and falsely and misleadingly describes and represents

28 material facts with respect to the goods, websites and/or commercial activities of Defendants.

31.     Defendants' use of the Infringing Marks in the manner described above enables Defendants to trade on and receive the benefit of goodwill in those marks, which All-In-One has built up at great labor and expense over many years.

32.     Defendants' use of the Infringing Marks in the manner described unjustly enriches Defendants at All-In-One's expense.

33.     Defendants' use of the Infringing Marks in the manner described above prevents All-In-One from controlling the nature and quality of goods and services provided under those marks and places the valuable reputation and goodwill of All-In-One in Defendants' hands, over whom All-In-One has no control.

34.     The activities of Defendants have caused irreparable injury to All-In-One and to the public, and unless restrained by this Court, will continue to cause irreparable injury to All-In-One and to the public. There is no adequate remedy at law for this injury.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT 15 USC 1114**
*The ALL-IN-ONE Mark*

35.     Plaintiff repeats the allegations from paragraphs 1-34 above as if fully set forth herein.

36.     The acts of Defendants complained of herein constitute infringement of federally registered trademark ALL-IN-ONE in violation of 15 U.S.C. § 1114(1).

37.     The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

38.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

**COUNT II: VIOLATION OF 15 USC 1125a**
*The ALL-IN-ONE Mark*

39.     Plaintiff repeats the allegations from paragraphs 1-38 above as if fully set forth herein.

40.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

**COUNT III: FEDERAL TRADEMARK INFRINGEMENT 15 USC 1114**
*THE WRITE CHOICE Mark*

42.     Plaintiff repeats the allegations from paragraphs 1-41 above as if fully set forth herein.

1     43.     The acts of Defendants complained of herein constitute infringement of federally registered

2 trademark THE WRITE CHOICE in violation of 15 U.S.C. § 1114(1).

3     44.     The acts of Defendants described herein have been willful and in bad faith, making this an

4 exceptional case within the meaning of 15 U.S.C. § 1117(a).

5     45.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

6 **COUNT IV: VIOLATION OF 15 USC 1125a**
*THE WRITE CHOICE Mark*

7

8     46.     Plaintiff repeats the allegations from paragraphs 1-45 above as if fully set forth herein.

9     47.     The acts of Defendants complained of herein constitute unfair competition in violation of

10 Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11     48.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

12 **COUNT V: UNFAIR COMPETITION UNDER STATE LAW**

13     49.     Plaintiff repeats the allegations from paragraphs 1-48 above as if fully set forth herein.

14     50.     The acts of Defendants complained of herein constitute unfair competition in violation of

15 California Business & Professions Code § 17200 et seq.

16     51.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

17 **COUNT VI: UNJUST ENRICHMENT**

18     52.     Plaintiff repeats the allegations from paragraphs 1-51 above as if fully set forth herein.

19     53.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at

20 the expense of Plaintiff.

21     54.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

22

23 **PRAYER FOR RELIEF**

24     WHEREFORE, All-In-One prays for entry of judgment against Defendants as follows:

25     1.     Defendants, their parents, subsidiaries, directors, officers, members, managers, agents,

26 servants, employees, attorneys, and all those persons in active concert or participation with them be

27 preliminarily and permanently enjoined and restrained:

28

1      a.      From using the Infringing Marks, or Plaintiff's Marks (or any variation thereof,

2  whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or

3  other designation which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

4      b.      From advertising, displaying, selling, or otherwise distributing (whether in physical or

5  electronic form), any and all advertisements, marketing or promotional materials, product packaging,

6  signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples

7  and the like) containing the Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or

8  in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation

9  which depicts, contains, or consists of any name or mark confusingly similar to the Marks;

10      c.      From registering, attempting to register, or maintaining any trademark registration,

11  trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the

12  Infringing Marks, or Plaintiff's Marks (or any variation thereof, whether alone or in combination with any

13  other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains,

14  or consists of any name or mark confusingly similar to the Marks;

15      d.      From committing any acts or making any statements calculated, or the reasonably

16  foreseeable consequence of which would be, to infringe Plaintiff's Marks;

17      e.      From committing any acts or making any statements calculated, or reasonably

18  foreseeable consequence of which would be, to infringe any of All-In-One's trademark rights in Plaintiff's

19  Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of All-In-One

20  by, with, or of Defendants, and;

21      f.      From conspiring with, aiding, assisting or abetting any other person or business entity

22  in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

23      2.      Consistent with paragraph (1)(a) above, Defendants be ordered to remove from sale or

24  display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing the

25  Infringing Marks, or Plaintiff's Marks, or any word or words confusingly similar thereto.  Defendants also be

26  ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an

27  injunction, a written report detailing gross sales of any goods or services in connection with the Infringing

28  Marks, Plaintiff's Marks, or any word or words confusingly similar thereto.

3.       Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing the Infringing Marks, or Plaintiff's Marks, or any other mark, name, or designation that includes the Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

4.       Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.       Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

6.       Pursuant to 15 U.S.C. § 1117, All-In-One be awarded treble damages and attorneys' fees for willful infringement and exceptional circumstances.

7.       An accounting be directed to determine the profits of Defendants resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

8.       Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

9.       Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

10.      Plaintiff be awarded prejudgment and post-judgment interest.

11.      Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully Submitted,

Dated: May 05, 2011                    LAW OFFICE OF KENT M. WALKER, P.C.
                                       By:

                                         /Kent M. Walker/
                                       KENT M. WALKER
                                       Attorney for Plaintiff
                                       MARKETQUEST GROUP, INC. d/b/a ALL-IN-ONE

1

LEWIS KOHN & FITZWILLIAM, L.L.P.
DAVID M. KOHN

2

MICHAEL T. LANE
Attorney for Plaintiff

3

MARKETQUEST GROUP, INC. d/b/a ALL-IN-ONE

4

## **DEMAND FOR JURY TRIAL**

5

MarketQuest Group, Inc. d/b/a All-In-One hereby demands trial by jury.

6

7

Dated: <u>May 05, 2011</u>                    LAW OFFICE OF KENT M. WALKER, P.C.
                                                          By:

8

9

              ____/Kent M. Walker/_____
                    KENT M. WALKER

10

Attorney for Plaintiff
MARKETQUEST GROUP, INC. d/b/a ALL-IN-ONE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Southern District of California.

On May 05, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Kent M. Walker
KENT M. WALKER (173700)
LAW OFFICE OF KENT M. WALKER APC
Attorney for Plaintiff
MARKETQUEST GROUP, INC. d/b/a ALL-IN-ONE

FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION    12