# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETQUEST GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIC CORPORATION; BIC USA, INC.; NORWOOD OPERATING COMPANY, LLC; *et al.*, <br><br> Defendants. | CASE No. 11cv618 BAS (JLB) <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br><br> [ECF No. 157] |

Presently before the Court is Plaintiff's Motion for Sanctions. (ECF No. 157.) Plaintiff seeks both monetary and evidentiary sanctions. For the reasons discussed below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff commenced this action on March 28, 2011. (ECF No. 1.) The First Amended Complaint ("FAC") pleads three causes of action relating to alleged trademark infringement. (ECF No. 14.) Over the last three years, this Court has reviewed and ruled on a litany of discovery issues. Magistrate Judge William McCurine, Jr. held over eighteen discovery conferences and eventually referred issues regarding electronically stored information to an outside consultant. (ECF No. 147.) On January 31, 2014, the above entitled action was transferred from the Honorable William McCurine, Jr. to the Honorable Ruben B. Brooks. (ECF No. 148.) The action was subsequently transferred to the Honorable Jill L. Burkhardt on March 28, 2014.

1 (ECF No. 154.) Plaintiff filed the instant Motion for Sanctions on April 1, 2014. (ECF
2 No 157.) Plaintiff seeks sanctions for Defendants' alleged refusal to comply with two
3 separate discovery orders issued by Magistrate Judge McCurine. (ECF No. 157-1 at
4 2.)[1]  The orders concern Plaintiff's efforts to obtain U.S.-only Profit and Loss
5 statements from Defendant Norwood. The pertinent discovery orders are discussed
6 below.

**A. Judge McCurine's April 9, 2013 Order**

On April 9, 2013, Judge McCurine held a telephonic status conference to discuss a number of outstanding discovery issues. (ECF No. 138.)  One of the issues discussed was Defendants' production of Profit and Loss ("P&L") statements for Defendant Norwood. Plaintiff claimed that the P&L statements produced for 2010 purported to provide sales figures for the U.S. but that the P&L statements for 2009 and 2011 provided sales figures for North America, which included the U.S. and Canada. (ECF No. 139 at 3.) Defendants informed the Court that Defendant Norwood did not keep P&L statements solely for the U.S. and that the 2010 P&L statement had been inadvertently mislabeled.[2]  Defendants stated that sales figures were only kept for North America as a whole. (*Id.*) Judge McCurine responded by asking whether there

---

[1]  Page references to documents on the Court's docket are to the CM/ECF pagination, not the document's native pagination.

[2]  The applicable excerpt of the official transcript is as follows:
   MS. AMATO: Your Honor, I -- I believe what happened is -- well, because Norwood doesn't keep -- you know, all of these financial documents that have been produced have been specially prepared for this case because simply they do not keep figures for things that are just in the Norwood catalog. We'll produce these things for this litigation. And so each document, the header was actually manually entered by whoever was preparing them, and I think that in the -- in the beginning, this memo was not in dispute. It did not help prepare or supervise the document and found some errors, and I believe they were just labeled incorrectly, but I have checked with the client many, many, many times, and they have repeatedly responded to me that they do not keep figures on the U.S.A. level and that there was just mistakes made in the headers and in some of the figures that were produced earlier.
   THE COURT: Okay. Please set that forth in a declaration so we won't -- when you get to trial, this -- this issue won't come up again with additional explanation on either side, okay?
   MS. AMATO: Yes, your Honor.
(ECF No. 139 at 10-11.)

was a declaration stating that there were no P&L statements for the United States only.[3] (*Id.* at 4.) Counsel for Defendants indicated that there was not but that "[they] could] certainly provide that. . . ." (*Id.*) Before turning to another issue, Judge McCurine responded with, "Okay. Please do that." (*Id.*)

On May 20, 2013, Defendants' Chief Financial Officer, Eric Balay, provided a declaration that stated, "Norwood does not keep Profit & Loss statements and the figures contained therein for the United States only, but rather for North America as a whole." (ECF No. 157, Ex. B.)

**B.  Judge McCurine's June 27, 2013 Order**

Judge McCurine held another telephonic status conference to discuss discovery issues on June 27, 2013. (ECF No. 142.) During this conference, Plaintiff addressed the alleged inadequacy of Mr. Balay's declaration. (ECF No. 141 at 27.) The following discussion took place:

> MR. LANE: Your Honor, at the April 9th hearing, we went over some specific financials that had yet to been (sic) produced or that were produced but were produced with the wrong headers or what have you. And we went through that. At one point the Court ordered that there would be a declaration coming in from the defendants that called out a couple things, and the first thing was that there was a P&L that had been titled "Norwood Promotional Products USA-Domestic." It was produced for the numbers for 2010. But the 2009 and 2011 P&Ls that Norwood produced were for North America, and the defendants said they don't -- they can -- they cannot produce number -- they cannot extract US out of North America's numbers to provide those P&Ls. And a declaration was produced on the 30th of May by defendants, and that's in the tab 2 of the Court's binder, and it's the declaration of Eric Bullay (phonetic). It's after the declaration of Tammy Wiard and then after the declaration of Laurie

---

[3] The applicable excerpt of the official transcript is as follows:
> THE COURT: On item number 4, I'm assuming that you've already given a written response that there are no P&Ls for the United States only, something that's been verified.
> MS. AMATO: Well, we've provided the P&Ls for North America for those years because that's the -- the only data kept for Norwood. They don't separate it out by U.S. or Canada; they only have the figures for North America.
> THE COURT: I understand, but is there a declaration to that effect, that there is no P&L for -- for the United States only, only for North America, and those have been provided?
> MS. AMATO: Oh, no, your Honor, but we can certainly provide that, yes.
> THE COURT: Okay. Please do that. So now let's deal separately with item number 5 . . . .

(ECF No. 139 at 4.)

> Bauer. It's the declaration of Eric Bullay. And so the declaration that I believe was ordered by the Court was, one, state that you cannot extract those US figures from North America; and two, state that the US P&L that was produced in 2010 was errantly titled 'US' and should have been North America. The declaration that we got says --
>
> THE COURT: Yes. You don't need to go on; I've read it --
>
> MR. LANE: Okay.
>
> THE COURT: -- you know, yeah, and I do specifically recall that. So Mr. Bullay's declaration is inadequate. He has to be able to say in his declaration we cannot extract from the subject P&L the United States figures; and, secondly, the phrase 'US Financials' is in error, it should have read North American Financials. Very simple. And I want that done by July 10. Submit the right declaration by July 10. All right.

(*Id.* at 26-27.)

Mr. Balay provided a second declaration, per Judge McCurine's order, on July 2, 2013. (ECF No. 157, Ex. D.) The declaration stated that, "Norwood does not keep Profit & Loss statements and the figures contained therein for the United States only, but rather for North America as a whole. Norwood cannot extract from the P&L statements U.S.-only figures. To the extent that past Norwood P&L statements were labeled 'U.S.', those were errantly labeled, and should have read 'N.A.' for North America instead." (*Id.* at 2.)

**C. The Court's April 15, 2014 Order**

On April 1, 2014, Plaintiff filed the instant Motion for Sanctions. (ECF No. 157.) On April 4, 2014, the Court issued an order setting a telephonic status conference to discuss the specific discovery issue that formed the basis for Plaintiff's Motion for Sanctions - Defendant Nordwood's U.S. sales figures. (ECF No. 160.) At the conclusion of the conference call, the Defendants were ordered to provide a third declaration addressing the following:

> (1) The method or methods by which U.S. sales and profit data can be isolated and identified for the relevant time period;
> (2) A statement that there are no other methods - aside from the one(s) identified in the declaration - that could isolate and identify U.S. only data;
> (3) A list of all individuals, by name, title, and area of responsibility, who provided the technical information underlying the statements in the declaration; and

>(4) If it is the position of Defendants that the only method(s) for culling such data is/are unduly burdensome, an estimate of the cost and time required to undertake such a review by each available method.

(ECF No. 164.) The Order specified that the declaration was to be submitted on or before April 30, 2014. (*Id.*)

On April 30, 2014, Defendants sent a third declaration from Mr. Balay to Judge Burkhardt's efile email address and copied opposing counsel on the communication. The Court finds that the third declaration complies with the Order dated April 15, 2014. (ECF 164.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions upon a party for failing to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). The Rule states, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." *Id*. The Rule goes on to list possible sanctions that may include directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, and dismissing the action in whole or in part. *Id*.

Federal courts may impose monetary sanctions on parties failing to comply with court orders under both the Federal and Local Rules. Federal Rule of Civil Procedure 37 provides that where a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Furthermore, "[f]ailure of counsel or of any party to comply . . . with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court,

//

1 including, without limitation, . . . imposition of monetary sanctions or attorneys' fees
2 and costs." CivLR 83.1(a).
3     "When choosing among possible sanctions, the court should consider a sanction
4 designed to: (1) penalize those whose conduct may be deemed to warrant such a
5 sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk
6 of an erroneous judgment on the party who wrongfully created the risk; and (4) restore
7 a prejudiced party to the same position he or she would have been in absent the
8 wrongdoing." *Palmer v. Stassinos*, 2007 WL 2288119, 3 (N.D. Cal. Aug. 7, 2007)
9 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct.
10 2778, 49 L.Ed.2d 747 (1976); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589
11 (9th Cir. 1983)).

### III. ARGUMENT

**A. Evidentiary Sanctions**

    Plaintiff argues that Defendants have evaded two discovery orders issued by Judge McCurine. (ECF No. 157-1 at 3.) According to Plaintiff, the orders were issued to "substantiate Defendants' professed inability to provide U.S. financial statements." (*Id.*) Plaintiff claims that Defendants' response to the April 9, 2013 Order was "inadequate and evasive as Judge McCurine had ordered a declaration that stated Norwood **could not provide** a P&L that comprised only U.S. revenues, expenses, and profits." (*Id.* (emphasis in original).)

    Similarly, Plaintiff argues that the declaration provided in response to Judge McCurine's June 27, 2013 Order was evasive in that it was carefully crafted to avoid providing the statement sought. (*Id.* at 4.) Instead of supplying a declaration that Norwood cannot provide U.S.-only figures, the declaration stated that "Norwood cannot extract **from the P&L statements** U.S.-only figures." (*Id.* (emphasis in original).) Plaintiff contends that with "the carefully selected use of and reference to the P&L statements, . . . Defendants . . . are . . . once again seeking to evade Judge McCurine's . . . orders." (*Id.*)

Plaintiff argues that Defendants have "failed to comply with the letter or spirit of [Judge McCurine's] orders." (*Id.*) As such, Plaintiff seeks the following evidentiary sanctions: (1) that Defendants' North America P&Ls shall serve as Defendants' U.S. P&Ls for all purposes related to this litigation; and (2) that Defendants are precluded from asserting or arguing that the figures are inflated because they include U.S. and Canadian revenues. (*Id.* at 7.) As an alterative, Plaintiff requests that the Defendants "be forced to provide the estimates listed in Mr. Balay's third declaration and that Plaintiff be allowed to pick the one most favorable to its case." (ECF No. 169 at 8.)

In their Opposition, Defendants submit that they have fully complied with all Court orders. (ECF No. 167 at 4.) Defendants argue that they have strictly adhered to the "Court's guidelines and suggested language in submitting Eric Balay's declarations," and that if Plaintiff wanted more specific instructions, Plaintiff should have objected during the telephonic conferences. (*Id.* at 5.)

**B. Monetary Sanctions**

In addition to the evidentiary sanctions sought above, Plaintiff also seeks monetary sanctions. Specifically, Plaintiff seeks to recover the costs associated with: (1) preparing for and attending previous hearings on this issue; (2) meeting and conferring on this issue; (3) bringing the instant motion; and (4) replying in response to Defendants' opposition. (ECF No. 157-1 at 7.) Plaintiff estimates that, with billing rates at approximately $280/hour and $550/hour for the two attorneys involved, the costs associated with tasks above will be approximately $12,000. (ECF No. 157-2 at 5.)

Defendants argue that monetary sanctions, like evidentiary sanctions, are not warranted because they have fully complied with the two discovery orders at issue. (ECF No. 167 at 4.) Furthermore, Defendants submit that sanctions would be unjust where Plaintiff has acted in bad faith. (*Id.* at 10.) Defendants' Opposition then

//

//

proceeds to provide numerous pages of deposition transcripts, allegedly showing Plaintiff's own evasive answers and unwillingness to cooperate.[4] (*Id.* at 10-13.)

## IV. RULING

### A. Plaintiff is Not Entitled to Evidentiary Sanctions

While the Court is acutely aware of Plaintiff's frustration in tracking down what Plaintiff believes to be complete answers regarding U.S. sales data, Defendants' responses to the discovery orders cannot be said to be unresponsive or noncompliant. Upon reviewing the **exact** language of the **two** discovery orders at issue, the Court finds that the Defendants have complied with the discovery requests. The transcript of Judge McCurine's April 9, 2013 Order is as follows:

> THE COURT: On item number 4, I'm assuming that you've already given a written response that there are no P&Ls for the United States only, something that's been verified.
>
> MS. AMATO: Well, we've provided the P&Ls for North America for those years because that's the -- the only data kept for Norwood. They don't separate it out by U.S. or Canada; they only have the figures for North America.
>
> THE COURT: I understand, but is there a declaration to that effect, that there is no P&L for -- for the United States only, only for North America, and those have been provided?
>
> MS. AMATO: Oh, no, your Honor, but we can certainly provide that, yes.
>
> THE COURT: Okay. Please do that. So now let's deal separately with item number 5 . . . .
>
> MR. LANE: Your Honor, may I be heard on the other numbers, that is, 1 through 4?
>
> THE COURT: Okay.
>
> MR. LANE: It's specifically number 4. Ms. Amato has mentioned that the P&Ls that Norwood kept were for North America only and did not -- they did not keep numbers for the U.S. And -- and that seems to be contradicted by Norwood's own documents, that is, if the Court and Ms.

---

[4] Plaintiff and Defendants argue at length about the Rule 30(b)(6) deposition that took place on February 17, 2014. On February 17, 2014, Defendants produced Eric Balay to testify as Norwood's financial 30(b)(6) designee. Plaintiff argues that Mr. Balay provided statements that contradicted his previous declarations regarding the P&L statements. (ECF No. 157-1 at 4.) Defendants argue that the questions regarding U.S.-only figures were outside the scope of the Rule 30(b)(6) deposition. (ECF No. 167 at 6.) The Court notes that Plaintiff is not seeking sanctions for discovery abuses related to this deposition. Accordingly, these arguments will not be addressed.

> Amato could turn to Exhibit 487 -- again, that's 487 -- you can see that there's a header that says -- and it's highlighted -- Norwood, and then PP, promotional products, USA, then DOM -- it's my understanding that that means domestic. They turned over those numbers for 2010, and what we have for 2009 and 2011, they have a different header. So if you were to turn say, for instance, to Exhibit 486, you'll see numbers from 2009 which says, again in highlighting, Norwood PP, promotional products, North America. And so I'm not sure that a declaration can be provided that says that they don't keep those numbers at that level, but if there is a declaration that's provided that way, I'm wondering -- maybe this is a question for the Court -- how to address that issue once we receive that declaration in light of that the Exhibit 487 that I just showed the Court.
>
> THE COURT: Okay. Well, Ms. Amato, do your best at this time to explain the differences between 486 and 487.
>
> MS. AMATO: Your Honor, I -- I believe what happened is -- well, because Norwood doesn't keep -- you know, all of these financial documents that have been produced have been specially prepared for this case because simply they do not keep figures for things that are just in the Norwood catalog. We'll produce these things for this litigation. And so each document, the header was actually manually entered by whoever was preparing them, and I think that in the -- in the beginning, this memo was not in dispute. It did not help prepare or supervise the document and found some errors, and I believe they were just labeled incorrectly, but I have checked with the client many, many, many times, and they have repeatedly responded to me that they do not keep figures on the U.S.A. level and that there was just mistakes made in the headers and in some of the figures that were produced earlier.
>
> THE COURT: Okay. Please set that forth in a declaration so we won't -- when you get to trial, this -- this issue won't come up again with additional explanation on either side, okay?
>
> MS. AMATO: Yes, your Honor.

(ECF No. 139 at 4, 9-11.)

Judge McCurine requested a declaration stating "that there is no P&L for -- for the United States only, only for North America." (*Id.* at 4.) Defendants provided a declaration from Eric Balay that stated, "Norwood does not keep Profit & Loss ("P&L") statements and the figures contained therein for the United States only, but rather for North America as a whole." (ECF No. 157, Ex. B at 2.) While Plaintiff argues that the April 9, 2013 Oder requested a declaration stating that Norwood **could not provide** a P&L that comprised only U.S. revenues, expenses, and profits, the Order does not request that statement. Accordingly, the Court finds that Eric Balay's declaration dated May 30, 2013 complies with Judge McCurine's April 9, 2013 Order.

1  While the declaration does not mention the incorrectly labeled headers of the 2010
2  P&L, the instructions issued in the oral Order are subject to different interpretations.
3  Judge McCurine's Order can be read as requesting a statement that Norwood does not
4  have P&L statements for the U.S. only.  It can also be read as requesting an explanation
5  as to why the header for the 2010 P&L was errantly labeled.  In any event, the
6  deficiency was addressed in the second order and cured in the subsequent declaration
7  by Mr. Balay.

8      The second order at issue is Judge McCurine's June 27, 2013 Order.  The
9  following is an expert of the transcript:

> MR. LANE: Your Honor, at the April 9th hearing, we went over some specific financials that had yet to been (sic) produced or that were produced but were produced with the wrong headers or what have you. And we went through that. At one point the Court ordered that there would be a declaration coming in from the defendants that called out a couple things, and the first thing was that there was a P&L that had been titled "Norwood Promotional Products USA-Domestic." It was produced for the numbers for 2010. But the 2009 and 2011 P&Ls that Norwood produced were for North America, and the defendants said they don't -- they can -- they cannot produce number -- they cannot extract US out of North America's numbers to provide those P&Ls. And a declaration was produced on the 30th of May by defendants, and that's in the tab 2 of the Court's binder, and it's the declaration of Eric Bullay (phonetic). It's after the declaration of Tammy Wiard and then after the declaration of Laurie Bauer. It's the declaration of Eric Bullay. And so the declaration that I believe was ordered by the Court was, one, state that you cannot extract those US figures from North America; and two, state that the US P&L that was produced in 2010 was errantly titled "US" and should have been North America. The declaration that we got says --
>
> THE COURT: Yes. You don't need to go on; I've read it --
>
> MR. LANE: Okay.
>
> THE COURT: -- you know, yeah, and I do specifically recall that. So Mr. Bullay's declaration is inadequate. He has to be able to say in his declaration we cannot extract from the subject P&L the United States figures; and, secondly, the phrase 'US Financials' is in error, it should have read North American Financials. Very simple. And I want that done by July 10. Submit the right declaration by July 10. All right.

(ECF No. 141 at 26-27.)

    The Defendants provided a second declaration from Mr. Balay.  (ECF No. 157, Ex. D.)  The declaration stated, "Norwood does not keep Profit & Loss statements and the figures contained therein for the United States only, but rather for North American

as a whole. Norwood cannot extract from the P&L statements U.S.-only figures. To the extent that past Norwood P&L statements were labeled 'U.S.', those were errantly labeled, and should have read 'N.A.' for North America instead." (*Id.* at 2.) As with the previous declaration, the Court finds that Defendants timely complied with Judge McCurine's specific requests. While Plaintiff may have desired different wording, the information provided by Mr. Balay mirrors the specific language in Judge McCurine's oral order. Judge McCurine requested a statement that U.S.-only figures can not be extracted from the "subject P&L", and that is exactly the statement that Defendants provided. Sanctions are not warranted in this instance because the discovery order at issue was complied with.

Finally, Defendants have complied with the latest, *very specific* discovery order and have provided a detailed declaration setting forth the exact information sought by Plaintiff. The Court finds that Defendants have complied with the two discovery orders at issue and accordingly, Plaintiff's Motion for Evidentiary Sanctions is **DENIED.**

**B. Plaintiff is Not Entitled to Monetary Sanctions**

Plaintiff seeks attorneys' fees and costs for filing the currently pending Motion for Sanctions. The Court has authority to issue monetary sanctions under Rule 37(b). Fed. R. Civ. P. 37(a)-(b). Under this rule, reasonable attorneys' fees are to be awarded unless the nonmoving party's actions were substantially justified or there are other circumstances that would make an award unjust. *Id*.

Plaintiff seeks monetary sanctions in the total amount of $12,000. (ECF No. 157-2 at 5.) For the reasons discussed above, the Court concludes that Defendants complied with Judge McCurine's oral discovery orders. Accordingly, sanctions are not warranted and Plaintiff's Motion for Monetary Sanctions is **DENIED**.

## V. CONCLUSION

The Court hereby **DENIES** Plaintiff's Motion for Sanctions. The discovery phase of this case has been long and contentious and it has run its course. It is with this understanding that the Court instructs the Parties to **promptly** meet and confer

1  regarding the methods available for obtaining U.S.-only sales figures and to ultimately
2  select a mutually agreeable option.  Any disputes regarding this issue shall be brought
3  to the Court's attention only after the Parties have met and conferred in good faith.  A
4  scheduling order setting dates for the mandatory settlement conference and pretrial
5  conference will issue shortly.

6  **IT IS SO ORDERED.**

8  **DATED:  June 24, 2014**

    */s/ Jill Burkhardt*
9  **JILL L. BURKHARDT**
10  **United States Magistrate Judge**