1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **SOUTHERN DISTRICT OF CALIFORNIA**
7

8    MARKETQUEST GROUP, INC.,              CASE No.  11cv618 BAS (JLB)

9                            Plaintiff,    **ORDER DENYING MOTION FOR**
                                           **RECONSIDERATION**
10        v.
                                           [ECF No. 151]
11   BIC CORPORATION; BIC USA,
     INC.; NORWOOD OPERATING
12   COMPANY, LLC; and DOES 1
     through 50, inclusive,
13
                            Defendants.
14

15        On February 21, 2014, Bic Corporation, Bic USA, and Norwood Operating

16   Company (collectively, "Defendants") filed the instant Motion for Relief Under FRCP

17   60(b) or for Reconsideration of an Order Compelling the Deposition of Eric Barth.

18   (ECF No. 151.)  The Motion seeks reconsideration of a discovery order issued by

19   Magistrate Judge William McCurine, Jr. on January 24, 2014, in the above entitled

20   action.   After reviewing the applicable order (ECF No. 150), Defendants' Motion

21   (ECF No. 151), the response in opposition from Marketquest ("Plaintiff") (ECF No.

22   156), and Defendants' reply (ECF No. 161), the Court hereby **DENIES** Defendants'

23   Motion for the reasons stated below.

24                          **I.  PREVIOUS RULING**

25        On January 24, 2014, Judge McCurine issued an oral order compelling the

26   deposition of Eric Barth.  (ECF No. 150.)  The order was issued during the course of

27   a telephonic status conference that addressed a number of lingering discovery issues,

28   including Mr. Barth's deposition.  Counsel for Defendants began the call by making

a number of arguments as to why Mr. Barth's deposition should not go forward. First, Defendants explained that Mr. Barth could face criminal liability under the French blocking statute should he submit to a deposition in France. (*Id.* at 2.)[1] Defense counsel further argued that Mr. Barth's involvement in the creation of the catalogue at issue was disclosed to Plaintiff more than a year and a half ago, and as such, Plaintiff's decision to now depose Mr. Barth was untimely. (*Id.* at 3.)

Judge McCurine inquired as to whether Mr. Barth would be criminally liable if the deposition were to go forward in England. (*Id.*) Defense counsel indicated that Mr. Barth could be deposed in England without the threat of criminal sanctions. (*Id.*) Plaintiff's counsel then suggested Geneva, Switzerland as an alternative because it was only about one hour and 30 minutes from Lyon, France. (*Id.*)

After discussing an unrelated issue, the conversation returned to Mr. Barth. Judge McCurine indicated that he was inclined to allow the deposition of Mr. Barth to go forward in Geneva. (*Id.* at 6.) The deposition would be limited to seven hours. (*Id.*) In allowing the deposition to move forward, Judge McCurine stated that, "The depositions of Mr. Barth and [another witness] . . . go the heart of the plaintiff's case." (*Id.*)

Defendants again tried to persuade Judge McCurine that the Barth deposition should not be allowed. They argued that a deposition of Mr. Barth had not been previously addressed by the Court and that Plaintiff was now trying to take advantage. (*Id.* at 13.) Plaintiff reminded the Court that, as a sanction for Defendants' late document production, the Court had allowed Plaintiff to seek additional depositions

//

//

---

[1] Page references to documents on the Court's docket are to the CM/ECF pagination.

and that Mr. Barth had been on the list of individuals that was provided to the Court.[2] (*Id.* at 13.)   Defendants argued that Plaintiff was now trying to seek additional depositions that had not been awarded by the Court. (*Id.* at 15.)   Judge McCurine did not respond to this argument.  (*Id.*)

Having decided that the Barth deposition would go forward, Judge McCurine turned his attention to the costs and deadlines associated with this additional deposition.  Judge McCurine stated, "I think the plaintiff ought to bear the costs on [this] deposition . . . .  I think these are costs that they would bear anyway.  So that is my order on that." (*Id.* at 19-20.) Judge McCurine ordered that Mr. Barth's deposition should be completed on or before February 28, 2014. (*Id.* at 11) No further comments regarding the Barth deposition were made during that telephonic conference.

Soon after Judge McCurine issued his order compelling the deposition of Mr. Barth in Geneva (ECF No. 150), Defendants claimed to have learned that Switzerland had a similar blocking statute as France and that Mr. Barth could not proceed with a deposition in Geneva, Switzerland. (ECF No. 151 at 6.) Defendants raised this issue by sending an email to opposing counsel and to Judge McCurine's Chambers.[3]  (*Id.*) In response to this email, Defendants claim that an *amended* order from Judge McCurine was issued that instructed the parties to select a mutually agreeable country - other than Switzerland - in which to take Mr. Barth's deposition. (*Id.*) While Plaintiff agrees with the summary of the amended instruction, Plaintiff agues that it was not an amended order from Judge McCurine, but rather advice suggested by one of Judge //

---

[2]     Judge McCurine had made the decision to allow additional depositions on February 6, 2013. The transcript of the February 6, 2013 hearing shows that Judge McCurine did allow Plaintiff additional depositions as a result of Defendants' late document production.  "You give me a list of the key people you want to depose on these documents. The documents (sic) won't be by telephone unless you agree. They will be here in San Diego. The defendant brings them out at the defendant's expense. I want the depositions completed in the next 60 days. But I want a letter first, if you haven't worked it out with Mr. Sybert, as to which depositions you want to take, and they are limited to the documents produced." (ECF No. 134 at 27.)

[3]     There is no record of this email on the docket or in the physical case file.

McCurine's law clerks.  (ECF No. 156 at 3.)  There is no record of the amended order/instruction on the docket or in the physical case file.

Following the amended instruction, Plaintiff claims to have reached out to Defendants in order to select a mutually agreeable alternative location.  Defense counsel "refused to provide available dates or locations for Mr. Barth's deposition," and so in order to preserve its rights, "Plaintiff had no choice but to notice Mr. Barth's deposition" in Geneva on February 20, 2014.  (*Id.* at 4.)  Plaintiff states that Defendants then stipulated that they received notice of the deposition but that they would not produce Mr. Barth until their motion for reconsideration had been decided.[4]  (*Id.*)

Defendants' version of the events makes no mention of an effort to select a mutually agreeable alternative.  (ECF No. 151 at 4.)  "Notwithstanding [the Court's amended instruction], on February 5, 2014, Plaintiff noticed Mr. Barth's deposition for February 20, 2014 in Geneva.  Defendants gave notice that Mr. Barth would not appear, and that Defendants intended to file the instant motion."  (*Id.*)

## II.  MOTION FOR RECONSIDERATION

### A.    Defendants' Motion

Defendants seek relief under FRCP 60(b) or, in the alternative, reconsideration under FRCP 54(b) and Civil Local Rule 7.1.i, of the Court's January 24, 2014 Order compelling the deposition of Eric Barth.  (ECF No. 151.)  Defendants allege that neither the parties nor Judge McCurine were aware of the fact that Mr. Barth had "never [been] employed by the Defendants."  (*Id.* at 4.)  Rather, Mr. Barth is an employee of "the French company and non-party, Société Bic."  (*Id.*)  Because Mr. Barth is not an employee of a party to the lawsuit, Defendants argue that they are unable to accept service on his behalf and that service must be conducted under the Hague Convention.  (*Id.* at 5.)  Because Judge McCurine's order was based on mutual

---

[4]    Plaintiff asserts that Defendants stipulated to receiving notice on February 14, 2014 and that they stated that they would not produce Mr. Barth until their Motion for Reconsideration was decided. The Court notes that Defendants' Motion for Reconsideration was not filed until February 21, 2014. (ECF No. 151.)

1  mistakes of fact regarding Mr. Barth's employment, Defendants submit that the basis
2  for the order no longer exists and accordingly, the order must be reconsidered.  (*Id.*)

3       In addition to mistake and newly discovered evidence, Defendants contend that
4  reconsideration of the Order is warranted because "ordering Mr. Barth's deposition
5  would be highly inconvenient and . . . would merely offer cumulative testimony." (*Id.*
6  at 5.) Mr. Barth's deposition cannot proceed in France or Switzerland[5] and Defendants
7  argue that requiring the deposition to proceed in any other country would be extremely
8  inconvenient. (*Id.* at 6.) Furthermore, Defendants claim that the deposition would only
9  yield cumulative testimony because Plaintiff already had the opportunity to depose
10  then-CEO Nicholas Paillot, who was allegedly the ultimate decision maker regarding
11  the catalogue at issue.  (*Id.* at 7.)

12       "It would be unfair and prejudicial at this stage in the litigation, nearly three
13  years after Plaintiff filed its lawsuit, to force Defendants to jump through the many
14  hoops identified above - if they *could* be overcome . . . ." (*Id.* at 8 (emphasis in
15  original).) Defendants conclude by arguing that, "[t]here is no legal or logical basis for
16  compelling this non-party fact witness when the topics on which Mr. Barth would
17  testify have been summarily addressed by other witnesses." (*Id.*)

18  **B.**    **Plaintiff's Opposition**

19       Plaintiff argues that Judge McCurine already "heard and rejected Defendants'
20  arguments that Mr. Barth's deposition was unnecessary, cumulative, and untimely
21  . . . ." (ECF No. 156 at 5.)  Judge McCurine found that the "deposition of Mr. Barth
22  . . . go[es] to the heart of the plaintiff's case." (*Id.* at 6.)  Plaintiff claims that it has an
23  absolute right to depose Mr. Barth and furthermore, his employment status was never
24  mistaken and remains irrelevant. (*Id.*) Plaintiff asserts that because the Defendants and
25  the Court were aware that Mr. Barth is a French citizen living in France and an

26  _____

27  [5]    Like Judge McCurine, the Court accepts, without deciding, Defendants' representations that
28  France and Switzerland have blocking statutes that prevent Mr. Barth from submitting to a deposition there.

1    employee of a French company, his employment status was not a mistake and
2    accordingly, mistake is not a valid ground for reconsideration.  (*Id.*)

3        Plaintiff goes on to argue that the blocking statues at issue "do not deprive this
4    Court of its power to compel a corporate party to produce its director for deposition
5    under Fed. R. Civ. P. 30 - whether or not he lives abroad and whether or not he works
6    for that corporation's sister company now." (*Id.* at 7.) Finally, Plaintiff maintains that
7    Defendants' inconvenience argument is not legally cognizable and that Defendants
8    should be sanctioned for their refusal to produce Mr. Barth for deposition per Judge
9    McCurine's January 24, 2014 Order.[6]  (*Id.* at 8.)

10   **C.    Defendants' Reply**

11       Defendants again assert that "new facts and circumstances - not known at the
12   time of Judge McCurine's original Order and amended Order - have established that
13   the taking of Eric Barth's deposition is legally and procedurally impractical, if not
14   impossible." (ECF No. 161 at 2.) Defendants summarize the grounds for relief and/or
15   reconsideration as follows: (1) Mr. Barth lives in France, a country with a blocking
16   statute which would prevent the taking of his deposition; (2) Mr. Barth is not an
17   employee of the Defendants; (3) the deposition would be cumulative and highly
18   inconvenient; and (4) the taking of such a deposition overseas is highly inconvenient
19   and burdensome on Defendants.  (*Id.*)

20                                **III.  LEGAL STANDARD**

21   **A.    Relief Under FRCP 60(b)**

22       A motion for reconsideration may be brought under FRCP 59(e) or 60(b).  A
23   motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed
24   within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b)
25   motion for relief from a judgment or order.  *American Ironworks & Erectors, Inc. v.*

26   _____

27   [6]    Plaintiff also seeks attorney's fees expended in opposing the instant motion. (ECF No. 156
     at 8.) Requests for sanctions or other relief must be brought by motion. Plaintiff's Response in
28   Opposition is not the appropriate forum in which to seek this relief. Accordingly, the Court will not
     address these arguments.

*North American Construction Corp.*, 248 F.3d 892, 898 (9th Cir. 2001).  Inasmuch as Plaintiff's motion was filed within twenty-eight days of the Court's previous order, Plaintiff's motion is properly characterized as arising under Rule 59(e) rather than Rule 60(b).  *Id*.  Out of an abundance of caution, the Court will analyze Defendants' motion under both rules to the extent that Defendants raise the relevant grounds.

The Court may grant a motion to alter or amend under Rule 59(e) when: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.  *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (*quoting Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

The standard for relief under Rule 60(b) overlaps in part with the standard under Rule 59(e).  *United National Insurance Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  Under Rule 60(b), the court may relieve a party from order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier 'judgment that has been reversed or vacated; or applying it retrospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Whether to grant or to deny a motion under Rule 60(b) is within "the sound discretion of the district court."  *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

**B.    Reconsideration under FRCP 54(b) and Civil Local Rule 7.1.i**

The motion also seeks reconsideration of the Court's Order under FRCP 54(b). (ECF No. 151 at 4.)  FRCP 54(b) states, in part, that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

//

the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Because the standard under Rule 59(e) (motion to amend) and Rule 54(b) (motion for reconsideration) are essentially identical, the Court will analyze Defendants' motion under these two Rules at the same time.

In addition to these substantive standards, Civil Local Rule 7.1.i.1 requires a moving party to submit an affidavit or certified statement of an attorney

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Rule 7.1.i.2 provides that "any motion or application for reconsideration must be filed within twenty-eight days after the entry of the ruling, order or judgment sought to be reconsidered."

## V. ANALYSIS

### A.    The Motion Is Timely

Defendants' Motion seeks reconsideration of a Court order that was orally issued on January 24, 2014. (ECF No. 149.) Defendants' Motion was filed on February 21, 2014, exactly twenty-eight days after the order issued. (ECF No. 151.) As set forth in the local rules, Defendants had twenty-eight days within which to file their Motion. *See* LR7.1.i.2. Accordingly, Defendants' Motion is timely.

//

**B.    Defendants' Motion Does Not Satisfy the Legal Requirements for Relief under FRCP 60(b)**

The instant Motion seeks relief from the Court's Order on three grounds: (1) newly discovered evidence; (2) mistake and/or surprise; and (3) extraordinary circumstances that justify relief.  (ECF No. 151 at 4.)

*1.    Newly Discovered Evidence*

To prevail on the ground of newly discovered evidence, the movant must show that the evidence "(1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case."  *Duarte v. Bardales*, 526 F.3d 563, 573 (9th Cir. 2008).

Defendants argue that Mr. Barth's employment status is newly discovered evidence that neither the Court nor the parties were aware of at the time of the Court's January 24, 2014 Order.  "Neither the parties nor Judge McCurine were aware of the fact that Mr. Barth was never employed by the Defendants, but rather the French company and non-party, Société Bic."[7]  (ECF No. 151 at 4.)

Due to this allegedly newly discovered evidence, Defendants now argue that they cannot accept service on behalf of Mr. Barth and that instead, service must be conducted under the Hague Convention.  (*Id*. at 5.)

Upon review of the transcript of the January 24, 2014 hearing, it is clear that the status of Mr. Barth's employment and citizenship were known at the time of the hearing and were brought to the Court's attention.  Defense counsel informed Judge McCurine that Mr. Barth was a "French citizen residing in France, [working as] an

---

[7]    Defendants submit in the instant motion that "Eric Barth was never employed by the Defendants. . . [and] is not [currently] employed by Defendants."  (ECF No. 151 at 4-5.)  However, this assertion is contradicted by an inconspicuous footnote in which Defendants admit that for "a brief period in 2010, Mr. Barth remotely assisted in the U.S. Bic operations as an interim marketing manager."  (*Id*. at FN 1.)

1  employee of a French company," and accordingly, could not be deposed in France due

2  to the French blocking statute.  (ECF No. 150 at 2.)

3  The argument that Mr. Barth's employment status qualifies as newly discovered

4  evidence is unpersuasive and has been contradicted by Defendants' own statements.

5  It is clear that Defendants took the position that Mr. Barth was an employee of the

6  French company at the time of the hearing.  Accordingly, the Court finds that Mr.

7  Barth's employment status is not newly discovered evidence.  Even if one were to reach

8  the opposite conclusion, Defendants cannot argue that Mr. Barth's employment status

9  was not discoverable through due diligence at the time the order was issued.

10  Accordingly, this evidence is not "newly discovered" and does not warrant relief from

11  the Court's January 24, 2014 Order.

12  The Court finds that because Mr. Barth's employment status is not newly

13  discovered evidence, Defendants were in a position to raise their service of process

14  argument with Judge McCurine when he first allowed the deposition to go forward.

15  Within this same time frame, Defendants could have filed objections with the District

16  Judge to any portion of Judge McCurine's Order that Defendants found fault with.

17  Fed. R. Civ. P. 72(a). They did not file any such objections. A motion for

18  reconsideration cannot be used to relitigate old matters, raise arguments, or present

19  evidence that could have been raised prior to the Court's ruling.  *Hinton v. Pacific*

20  *Enterprises*, 5 F.3d 391, 394-95 (9th Cir. 1993).

21  *2.    Mistake*

22  Defendants assert that the Court's Order was premised on Mr. Barth's mistaken

23  status as a current employee of Defendants, and as such, reconsideration of the Order

24  is warranted. (ECF No. 151 at 5.)  "Because Judge McCurine's order was based in

25  large part on mutual mistakes of fact regarding Mr. Barth's employment, the basis for

26  the order no longer exists." (*Id*.)

27  However, Defense counsel explained to Judge McCurine during the course of

28  the January 24, 2014 conference call that Mr. Barth was a French citizen working for

a French company.  Thus, by extension, Defendants took the position that Mr. Barth was not employed by Bic's U.S. operations.  (ECF No. 150 at 2.)  Defendants have failed to point to a mistake or instance of surprise that warrants relief under FRCP 60(b).

>    *3.    Extraordinary Circumstances*

Lastly, Defendants argue that extraordinary circumstances justify relief from the Court's January 24, 2014 Order.  Because both France and Switzerland have blocking statutes, Defendants argue that requiring the deposition to proceed in the next closest country - Italy - would constitute "an extreme inconvenience."  (ECF No. 151 at 6.)  Furthermore, Defendants argue that such a deposition would need to proceed under the Hague Convention, as Defendants cannot accept service on behalf of Mr. Barth because he is not their employee.  (Id. at 5.)  Defendants submit that the above facts create extraordinary circumstances which justify relief from Judge McCurine's Order.

Defendants' argument as to inconvenience could easily have been made to Judge McCurine at the time of the January 24, 2014 Order.  Judge McCurine ruled that the deposition was to take place in Geneva - which at the time appeared to be a mutually agreeable location - and that Plaintiff was to bear the cost of the deposition.  (ECF No. 150.)  The relatively modest additional inconvenience of moving the deposition to a European location other than Geneva does not constitute extraordinary circumstances.

Losing the battle of persuasion the first time around does not allow a party a second bite at the apple.  Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The Court

//

//

//

//

//

1  concludes that Defendants have not met their burden to establish that extraordinary
2  circumstances exist which warrant relief under FRCP 60(b)(6).[8]

3      In sum, the Court finds that Defendants' Motion provides: (1) no newly
4  discovered evidence; (2) no evidence to suggest the parties or the Court were mistaken;
5  and (3) demonstrates no manifestly unjust decision which would demand
6  reconsideration of the Court's January 24, 2014 Order.  As such, relief under FRCP
7  60(b) is not warranted.

8  **C.**    **Defendants' Motion Does Not Satisfy the Legal Requirements for**
9        **Reconsideration under FRCP 54(b) or Amendment under FRCP 59(e)**

10      In addition to relief under FRCP 60(b), Defendants seek reconsideration under
11  FRCP 54(b) and Civil Local Rule 7.1.  Rule 54(b) and Rule 59(e) provide for
12  reconsideration and/or amendment if the Court is presented with newly discovered
13  evidence, committed clear error, or if there is an intervening change in the controlling
14  law.  *Marlyn Natraceuticals, Inc.*, 571 F.3d at 880.  FRCP 59(e) sets forth one
15  additional ground for relief: the Court made an initial decision that was manifestly
16  unjust.  *Duarte*, 526 F.3d at 567.  Civil Local Rule 7.1.i.1 allows for reconsideration
17  upon a showing of new or different facts and circumstances which did not exist, or
18  were not shown, upon prior application.

19      Defendants do not argue that there was a subsequent change in controlling law,
20  and while they submit that the "original decision constituted clear error," they fail to
21  offer any facts that support this conclusion. (ECF No. 151 at 2.)  Instead, Defendants
22  rely on the same arguments discussed above to support their assertion that

23

---

24  [8]    The Court notes that Plaintiff was granted leave to take Mr. Barth's deposition in response to
Defendants' late discovery production.  Judge McCurine intended that the additional deposition serve
25  as a sanction for Defendants' discovery abuses.  In light of this, Defendants' inconvenience argument
carries even less weight. (ECF No. 134 at 27.)  Defendants further argue that Mr. Barth's deposition
26  is unnecessary, cumulative, overly burdensome, and untimely.  (ECF No. 151 at 7.)  It appears that
Judge McCurine addressed some of these arguments on February 6, 2013, when he initially allowed
27  the additional deposition to go forward.  (ECF No. 134 at 27.)  As to the remaining arguments,
Defendants should have raised them with Judge McCurine during the course of the February 6, 2013
28  discovery conference or during the January 24, 2014 discovery conference.

1   reconsideration is warranted under FRCP 54(b) and Local Rule 7.1 due to newly

2   discovered evidence. (ECF No. 151.)  For the reasons already addressed, the Court

3   finds that the evidence is not newly discovered and accordingly, reconsideration under

4   FRCP 54(b) and Local Rule 7.1 is not warranted.  Additionally, amendment under

5   FRCP 59(e) is not warranted under the arguments set forth.

6       Similar to the argument that the original decision constituted clear error,

7   Defendants also assert that the original decision was manifestly unjust but then fail to

8   set forth specific facts to support such a conclusion.  (ECF No. 151 at 2.)  While

9   Defendants complain generally that the deposition is inconvenient, unnecessary,

10  duplicative, overly burdensome and untimely, these same arguments were raised before

11  Judge McCurine. (ECF No. 134 at 27.)  To the extent that these arguments were not

12  brought to the Court's attention previously, they easily could have been.  "A Rule 59(e)

13  motion may not be used to raise arguments or present evidence for the first time when

14  they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*,

15  342 F.3d 934, 945 (9th Cir. 2003).  Defendants have failed to show that the Court's

16  January 24, 2014 Order was manifestly unjust.  Accordingly, amendment under FRCP

17  59(e) is not appropriate.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

## VI. CONCLUSION

Defendants' Motion for Reconsideration is hereby **DENIED**.  The parties shall meet and confer and provide the Court, on or before **August 1, 2014**, with a mutually agreeable location for the deposition to go forward.  In the event that an agreement cannot be reached, each party shall provide the Court with two alternative locations by August 1, 2014.  The deposition of Eric Barth shall be **completed** by **August 29, 2014**.  As ordered by Judge McCurine, the deposition shall be limited to seven hours and Plaintiff shall bear the cost of the deposition.  (ECF No. 150 at 17, 20.)

**IT IS SO ORDERED.**

**DATED:  July 25, 2014**

**JILL L. BURKHARDT**
**United States Magistrate Judge**

11cv618