1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETQUEST GROUP, INC., a California corporation d/b/a All-In-One,<br><br>Plaintiff,<br><br>v.<br><br>BIC CORPORATION, a Connecticut corporation, et al.,<br><br>Defendants. | Case No. 11-cv-618 BAS (JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AWARD ATTORNEYS' FEES**<br><br>**[ECFs 331, 335]** |

Plaintiff Marketquest Group, Inc. ("Marketquest") initiated this action for trademark infringement against Defendants BIC Corporation, et al. ("BIC") on March 28, 2011. ECF 1. On August 26, 2011, Marketquest moved for a preliminary injunction, which the court denied on November 7, 2011. ECFs 27, 41.

The litigation proceeded for three more years, culminating in cross-motions for summary judgment. ECFs 199, 205, 214–219. On April 17, 2015, the Court granted BIC's motions for summary judgment and denied Marketquest's. ECF 327. This ruling proved dispositive; the Court dismissed Marketquest's claims on the merits and BIC abandoned its counterclaims. *Id.* Marketquest appealed the ruling on May 15, 2015, and the appeal is currently pending before the Ninth Circuit. ECF 339, USCA Case No. 15-55755.

Pending before the Court is BIC's May 1, 2015 motion for attorneys' fees. BIC argues that this Court should award attorneys' fees by either declaring the case exceptional under the Lanham Act or exerting its inherent power to award fees. For the following reasons, the Court **DENIES** the motion. ECFs 331, 335.

### I. Legal Standard

A trial court hearing a trademark dispute "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). This language mirrors the standard used in patent cases. *Compare* 15 U.S.C. § 1117(a) to 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1751 (2014). The court may consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n. 6 (citation omitted). Courts determine this fee-shifting based on the preponderance of the evidence. *Id.* at 1758.

"When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 720 (1967). As a result, courts may not assert their equitable powers in trademark cases governed by the Lanham Act to award attorneys' fees. *Id.*

The finding that a case is exceptional such that it warrants attorneys' fees is collateral to the questions currently on appeal and may therefore be disposed of independently by the trial court. *See Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 168 (1939); *Popeil Bros., Inc. v. Schick Elec., Inc.*, 65 F.R.D. 127, 128 (N.D. Ill. 1974) *aff'd*, 516 F.2d 772 (7th Cir. 1975). The text of the statute "emphasizes the fact that the determination is for the district court." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014), quoting *Pierce v. Underwood*, 487

1  U.S. 552, 559 (1988). "'[A]s a matter of the sound administration of justice,' the
2  district court 'is better positioned' to decide whether a case is exceptional, because
3  it lives with the case over a prolonged period of time." *Id.*, quoting *Pierce* at 559–
4  560. "The question is 'multifarious and novel,' [and] not susceptible to 'useful
5  generalization'" lending itself to *de novo* review. *Id.* at 1748–49, quoting *Pierce* at
6  562.

## II. Analysis

BIC argues that fees should be awarded because Marketquest's claims were meritless, and Marketquest was on notice of this after the court denied their motion for a preliminary injunction. Mot. for Att'ys' Fees 3:19–7:20, ECF 335. Without rehashing the Court's Order Granting Summary Judgment, this misstates the Court's findings. The Court, in the Order Denying Preliminary Injunction, found that substantial evidence showed BIC had infringed on Marketquest's trademarks. *See* Summ. J. Order 4:26–5:4, ECF 327.

At the time the preliminary injunction was denied, Marketquest had not finished its discovery. If discovery had revealed that BIC's uses of the subject marks was undertaken maliciously, the factors may have weighed against summary judgment.

It was only after an extensive analysis of the context of the infringement and the meaning and uses in commerce of the subject marks that the Court granted summary judgment predicated on BIC's affirmative fair use defense. While not unprecedented, summary judgment on fair use is uncommon in the Ninth Circuit. Taking into account the substantial evidence of infringement and the real possibility that summary judgment would be denied, it was reasonable for Marketquest to continue to litigate this case, despite the failure to secure a preliminary injunction.

Finally, BIC's evidence of discovery malfeasance in itself does not make this case exceptional. BIC may be correct that "litigation tactics unreasonably increase[ing] the burden of defending the lawsuit" permit a court to award fees. Mot.

7:23–25. However, each example of overly burdensome discovery was ultimately either severely limited or outright denied by Magistrate Judges McCurine and Burkhardt. While these disputes were hard-fought and time consuming, they are not exceptional in complex civil cases and did not result in overly broad or excessive discovery. Additionally, discovery abuses are more typically addressed through discovery sanctions, which may themselves shift fees appropriately and more directly address and discourage the conduct.

Taking into account both the totality of the alleged misconduct and each specific instance, the Court finds that none of the allegations warrant labelling as "exceptional." As a result, the Court **DENIES** the motion for attorneys' fees in its entirety.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** BIC's motion for attorneys' fees. ECFs 331, 335.

**IT IS SO ORDERED.**

Dated: July 2, 2015

Hon. Cynthia Bashant
United States District Judge