UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETQUEST GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIC CORPORATION, *et al.*, <br><br> Defendants. | Case No. 11-cv-0618-BAS-JLB <br><br> **ORDER:** <br><br> **(1) OVERRULING PLAINTIFF'S OBJECTION TO STATUS ORDER [ECF No. 390]** <br><br> **AND** <br><br> **(2) REINSTATING MOTIONS** |

Before the Court is an Objection (ECF No. 390) from Plaintiff Marketquest regarding this Court's Status Order (ECF No. 388) about the current issues this Court must resolve on remand from the Ninth Circuit's reversal of this Court's grant of summary judgment to Defendants on the fair use defense. For the reasons stated herein, the Court overrules Plaintiff's Objection to the Status Order and reinstates all issues identified therein.

**I.   BACKGROUND**

Two years ago, on April 17, 2015, this Court granted Defendants Norwood Promotional Products, LLC and BIC USA, Inc.'s motion for summary judgment (ECF Nos. 214, 215) on the basis of the fair use defense. (ECF No. 327.) Defendants' counsel represented that if the Court ruled favorably on the fair use defense, Defendants would concede their counterclaims. (*Id.* at 11.) Because the

Court granted summary judgment on fair use, the Court denied BIC's motion for summary judgment on its counterclaims (ECF No. 216) and dismissed the counterclaims (ECF No. 17). (ECF No. 327 at 11.) On the basis of the grant of summary judgment, the Court also terminated as moot all pending motions at that time, including Plaintiff's motion for partial summary judgment and both parties' motions regarding exclusion of certain expert testimony. (*Id.* at 11–12(citing ECF Nos. 199, 205, 217–219).) The Clerk of the Court subsequently issued a judgment. (ECF No. 328.) Plaintiff Marketquest appealed this Court's order granting summary judgment and the Clerk's judgment. (ECF No. 339.) On July 7, 2017, the Ninth Circuit reversed the grant of summary judgment to Defendants for fair use of the marks at issue in this case. (ECF No. 377). The Ninth Circuit's decision was formally mandated to this Court on August 31, 2017. (ECF No. 377.)

The Court previously requested that the parties express their views on how this case should proceed in view of the Mandate. (ECF No. 383) The parties submitted a joint statement disagreeing over certain issues. (ECF No. 386.) Based on its review of the joint statement, the Court issued a status order identifying the outstanding issues in the case. The issues identified were:

1. Whether summary judgment should be granted to Defendant-Counterclaimant BIC Corporation on the grounds that there is no genuine issue of material fact regarding whether :

    a. The "Write Choice" mark was obtained and maintained by Plaintiff through fraud (ECF No. 216); and/or

    b. The "All-in-One" mark and design have been abandoned by Plaintiff for lack of use (ECF No. 216).

2. Whether summary judgment should be granted to Defendants Norwood Promotional Products, LLC and BIC USA, Inc. on the ground that there is no genuine issue of material fact regarding damages to Plaintiff caused by either Defendant (ECF Nos. 214, 215);

3. Whether summary judgment should be granted to Defendant BIC USA, Inc. on the ground that there are no genuine issues

of material fact regarding likelihood of confusion as to the
"The Write Choice" (ECF Nos. 215, 377 at 19–20)

(ECF No. 388.) Plaintiff has asserted objections to issues 1a, 1b, and 3 (ECF No. 389), issues which it already argued in the joint statement are outside this Court's purview (ECF No. 386). Defendants have filed a reply to the Objection. (ECF No. 391.) The Court now considers the Objection.

## II. DISCUSSION

### A. Reconsideration of Denial of Summary Judgment on Validity Counterclaims and Dismissal of Counterclaims

Plaintiff objects to consideration of these issues because of Defendant BIC's alleged failure to file a cross-appeal of this Court's denial of its motion for summary judgment on its counterclaims for fraudulent procurement and abandonment and the dismissal of the invalidity counterclaims. (ECF No. 390.) Plaintiff claims that "[s]imply stated, this Court no longer has jurisdiction to consider" these issues. (*Id.* at 2.) The Court overrules this objection.

Under the cross-appeal rule, an appellee may urge in support of a decree any matter appearing in the record but may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary absent a cross-appeal. *El Paso Natural Gas Co. v. Netzsosie*, 526 U.S. 473, 479 (1999). The cross-appeal rule is not applied by district courts, but rather by appellate courts to assess the availability of arguments before those tribunals. *Id.* at 479–82. Recognizing the inherent limitation on the applicability of the rule in this Court, Plaintiff places heavy reliance on the rule's interpretation and application by the Federal Circuit. The Federal Circuit has applied the cross-appeal rule in patent litigation to preclude reconsideration of certain arguments in a district court on remand after a failure to file a cross-appeal. Plaintiff relies on *Lazare Kaplan International, Inc. v. Photoscribe Technologies, Inc.*, 714 F.3d 1289 (Fed. Cir. 2013), which held that a district court abused its discretion by granting Rule 60(b) relief

from a previous final judgment resulting from a jury verdict that certain patent claims were not invalid. *Id.* at 1292, 1297. The district court granted such relief because the Federal Circuit broadened certain claim term limitations on a prior appeal from a final judgment of non-infringement, which the district court reasoned affected the prior patent validity judgment. *Id.* at 1292. On appeal from the district court's grant of Rule 60(b) relief, the Federal Circuit determined that the cross-appeal rule precluded the relief because a finding of invalidity would expand the defendant's rights and lessen the rights of the plaintiff. *Id.* at 1295. Plaintiff argues that this interpretation of the cross-appeal rule controls here and points to multiple cases in which the Federal Circuit has applied the rule to preclude reconsideration of final judgments regarding validity. (ECF No. 390 at 3.)

Plaintiff's reliance on the Federal Circuit's interpretation and application of the cross-appeal rule is misplaced. First, the Federal Circuit's *Lazare* decision makes clear that its interpretation of the rule was adopted "[b]ecause this issue requires consistent and uniform application by district courts when handling patent cases," and was resolved as "an issue of the law of this court." *Lazare*, 714 F.3d at 1293. Federal Circuit law governs in a case where the case involves non-patent claims so long as there is an issue of patent law whose resolution will be a substantial factor in determining liability under non-patent claims. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). A review of the First Amended Complaint (ECF No. 14) and the Answer (ECF No. 17) shows that this case solely concerns alleged trademark infringement under the Lanham Act and raises no issues under patent law. Therefore, the Federal Circuit's interpretation and application of the cross-appeal rule as barring reconsideration by a district court of patent validity on remand does not apply.[1] Second, Plaintiff points to no authorities

---

[1] The Federal Circuit only has "exclusive jurisdiction of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title," 28 U.S.C. §1295(a), which

– 4 – 11cv618

outside the context of the Federal Circuit which have found the cross-appeal rule limits what issues a district court may consider on remand from an appellate court. Nor can this Court locate such authority. *Lazare* recognizes that the rule is a limitation on appellate court jurisdiction and implicitly recognizes that its application to a district court's considerations on remand is of an exceedingly limited nature. *Lazare*, 714 F.3d at 1294–95 ("*To the extent that the cross-appeal rule can be applied to preclude certain arguments in a district court on remand* after a failure to file a cross-appeal . . ." (emphasis added)). To the extent that the Federal Circuit's interpretation of the cross-appeal rule might apply in non-patent cases–a proposition this Court finds to be suspect—the circumstances which warranted the rule's application in *Lazare* simply do not exist here. In *Lazare*, the finding of validity which the defendant failed to cross-appeal resulted from a jury verdict after trial. *Id*. at 1291–92. For all purposes, there was an "adverse final judgment on validity" on the merits. *Id*. at 1294. This Court's denial of summary judgment to Defendants on the counterclaims for fraudulent procurement and abandonment and dismissal of the invalidity counterclaims was simply not a merits adjudication. Rather, it was expressly based on Defendants' concession that a denial would be appropriate *if* summary judgment on the fair use defense was granted. (ECF No. 327 at 11.) Because the grant has been reversed on appeal, the basis for denial of summary judgment on the counterclaims and dismissal of the invalidity counterclaims no longer exists.

As an additional note, this Court observes that subject to certain exceptions, denials of a motion for summary judgment and a motion to dismiss are interlocutory orders for which appeal does not ordinarily lie. A party may appeal an interlocutory

---

in turn confers jurisdiction on the district courts in actions "arising under" the patent laws, *see* 28 U.S.C. §1338. The docket in this case makes clear that Plaintiff's prior appeal was to the Ninth Circuit, not the Federal Circuit. This should further confirm the inapplicability of the Federal Circuit's cross-appeal rule here.

order after the entry of final judgment because, at that point, "the interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment." *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976), *cert. denied*, 431 U.S. 913 (1977); *Hook v. Arizona Dep't of Corrections*, Nos. 95-17317, 96-156542, 1997 U.S. App. LEXIS 8042, at *9 (9th Cir. Feb. 27, 1997). It is true that upon entry of the final judgment in this case, Defendants could have appealed the denials of their motion for summary judgment and dismissal of the counterclaims. However, the Ninth Circuit reversed this Court on the very issue adjudicated on the merits that resulted in the entry of final judgment and remanded the case to this Court. (ECF No. 377.) Therefore, the entry of that final judgment no longer has effect and the prior denials are effectively once more interlocutory in nature. "District courts have inherent power to modify their own interlocutory orders in the interests of justice so long as they retain jurisdiction over the case." *See Rother v. Lupenko*, No. 3:08–cv–00161–MO, 2014 WL 3955211, at *7 n.5 (D. Or. Aug. 13, 2014), *aff'd in part and rev'd in part*, 691 Fed. App'x 350 (9th Cir. 2017) (citing *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88–89 (1922); *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *U.S. v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1555-56 (E.D. Cal. 1992)). This power exists until the entry of a final judgment. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989). This Court unquestionably has jurisdiction over the case once more. Given that there was no merits adjudication of Defendant's motion for summary judgment on the counterclaims and the dismissal of the counterclaims, the Court finds that it is in the interests of justice to modify the prior denial to reinstate those issues for such an adjudication.

As a practical matter, both parties agree that Plaintiff's motion for partial summary judgment on the validity of Plaintiff's trademarks and against Defendants' defenses of fraud and abandonment is "ripe for summary adjudication." (ECF No. 390 at 4.) That motion is expressly premised on Defendants' counterclaims. (ECF

No. 205 at 7.) It cannot be that this Court can reconsider Plaintiff's motion without reinstating the counterclaims. Moreover, Plaintiff's motion for partial summary judgment seeks summary judgment on all counterclaims at issue in Defendants' motion for summary judgment, and even goes further by seeking summary judgment on an additional claim and multiple affirmative defenses. (*Compare* ECF No. 205 *with* ECF No. 216). The Court sees little reason not to consider and adjudicate together both sides' summary judgment motions. Accordingly, the Court overrules Plaintiff's Objection on this issue (ECF No. 390) and reinstates Defendants' counterclaims (ECF No. 17) and motion for summary judgment (ECF No. 216).

### B. The Mandate Requires this Court to Consider Likelihood of Confusion

Plaintiff also Objects to this Court's identification as an outstanding issue whether summary judgment should be granted to Defendant BIC USA, Inc. on the ground that there are no genuine issues of material fact regarding likelihood of confusion as to the "The Write Choice." (ECF No. 390 at 5–8.) Plaintiff's Objection is that BIC USA sought only partial summary judgment on one factor in the *Sleekcraft* factors used to assess the likelihood of confusion—actual confusion. (*Id.* at 5.) Plaintiff contends that this Court's consideration would effectively be a *sua sponte* summary judgment consideration and the "first of its kind" in the Ninth Circuit on the issue of likelihood of confusion. (*Id.* at 6.) The Court overrules Plaintiff's Objection.

When an appellate mandate has issued regarding a lower court's decision, the lower court is obliged to execute the terms of the mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). In construing a mandate, the lower court may consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises. *Id.* at 1093. In most cases, enforcing the mandate is uncontroversial because its terms are plain and square

both with the underlying opinion and the procedural history of the case. *Id.*[2]

Here, there should be nothing controversial about this Court considering likelihood of confusion related to "The Write Choice" mark now that the case is before this Court once more. In reversing this Court's grant of summary judgment on the fair use defense for that mark, the Ninth Circuit stated: "[w]e remand for the district court to consider Marketquest's trademark infringement claim regarding Defendants' use of 'The Write Choice.'" *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 939 (9th Cir. 2017). As the Ninth Circuit observed, "[t]he district court could not properly find here that there was no evidence of confusion, fail to conduct a *Sleekcraft* analysis, and still conclude that the Defendants qualified for the fair use defense" because "[t]he fair use defense only comes into play once the party alleging infringement has shown by a preponderance of the evidence that confusion is likely." *Id.* (quoting *KP Permanent II*, 408 F.3d at 608–09). This observation makes clear that a showing of likelihood of confusion is a prerequisite to consideration of the fair use defense. Defendants moved for summary judgment on the defense and, therefore, this Court necessarily had to consider likelihood of confusion before reaching the applicability of the defense. In light of the clear terms of the Mandate, there is nothing "*sua sponte*" about this Court's identification of likelihood of confusion as an issue this Court must address. Moreover, Plaintiff's Objection to consideration of likelihood of confusion assumes too much. The fact that this Court must now consider likelihood of confusion because of the Mandate should not be interpreted to mean that a grant of summary judgment will issue. As the Plaintiff correctly observes

---

[2] Additionally, "mandates require respect for what the higher court decided, *not for what it did not decide*." *Kellington*. 217 F.3d 1084 (quoting *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir.), *cert. denied*, 544 U.S. 952 (1997)). A lower court is therefore left to address any issue not expressly or impliedly disposed of on appeal. *Id.* at 1094; *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986). The Ninth Circuit did not address the validity of Plaintiff's trademarks in any way and, therefore, on remand, this Court has the authority to address the issue.

in Objection, summary judgment in trademark cases is "generally disfavored" because of "the intensely factual nature of trademark disputes." *Marketquest*, 862 F.3d at 932. The record in this case is a special reminder of this proposition. Accordingly, the Court overrules Plaintiff's Objection on the basis of the Mandate's plain terms.

### C. Reinstatement of All Other Motions

Neither party has objected to reinstatement of: Defendants Norwood and BIC USA, Inc.'s motion for summary judgment regarding damages (ECF Nos. 214, 215), Plaintiff's First Amended Complaint (ECF No. 14); Plaintiff's Motion for Partial Summary Judgment (ECF No. 205), and the parties' Motions to Exclude Experts or Non-retained Witnesses (ECF Nos. 199, 217, 218, 219). Therefore, the Court reinstates these motions and pleadings.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Plaintiff's Objection is **OVERRULED**.
2. The Court **REINSTATES** the following:
   a. Plaintiff's First Amended Complaint (ECF No. 14);
   b. Defendants' Answer and Counterclaims (ECF No. 17)
   c. Defendants Norwood and BIC USA, Inc.'s motion for summary judgment regarding damages (ECF Nos. 214, 215),
   d. Defendant BIC Corporation's motion for summary judgment regarding fraud and abandonment (ECF No. 216);
   e. Plaintiff's Motion for Partial Summary Judgment (ECF No. 205), and
   f. The parties' Motions to Exclude Experts or Non-retained Witnesses (ECF Nos. 199, 217, 218, 219).

**IT IS SO ORDERED.**

Hon. Cynthia Bashant
United States District Judge

**DATED: April 12, 2018**